(36 Misc. Rep. 176.)

## CURRIER v. CARNRICK.

(Supreme Court, Appellate Term. October, 1901.)

1. STATUTE OF FRAUDS—MEMORANDUM.
    The requirement of the statute of frauds that all elements of a contract must be in writing does not require that they should be in a single instrument, but they may be contained in a correspondence between the parties.

2. OFFER TO SELL—ACCEPTANCE.
    Where an offer to buy was not accepted within a reasonable time, it does not discharge the person making the offer, where he subsequently renews it.

Appeal from municipal court, borough of Manhattan, Sixth district.

Action by Andrew F. Currier against John Carnrick. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and McADAM and GILDERSLEEVE, JJ.

Cardozo Bros., for appellant.
Boston, Allen & Sabine, for respondent.

FREEDMAN, P. J. This action was brought for an alleged breach of contract by the defendant to purchase at par five shares

of the stock of a corporation known as the Wallace Food Company. The cause was heard upon depositions, admissions, stipulations, and exhibits, and the facts are not disputed. In November, 1895, the plaintiff purchased five shares of the stock of the Wallace Food Company, paying the par value of $50 per share therefor. The defendant was the president of that company. In July, 1899, in a letter written by the defendant to the plaintiff, he says, "Any time you prefer to take par for Wallace Food stock in preference to retaining it, you can do so." In June, 1900, the plaintiff wrote to the defendant, referring in terms to the defendant's former letter, and requested that he take up the stock and pay $250 therefor. Two days later, the defendant, acknowledging the receipt of the plaintiff's letter, says "that at the present time I am not in condition to pay you $250, but if you will wait awhile I will do so, and do not think it will be a long time." From that time on, several letters passed between the parties; the plaintiff demanding the fulfillment of the defendant's promise, and the defendant pleading for time,—in no way repudiating his promise, but renewing it from time to time, and simply making excuses for nonpayment. Evidence of tender, demand, and refusal was also given.

The legal question involved is whether or not the writings or proof of writings satisfy the statute of frauds. It is not necessary, in order to satisfy the statute, that all the elements of the contract appear in one instrument. Raubitschek v. Blank, 80 N. Y. 479; Brick Co. v. Bull, 44 Hun, 462; Bronson, St. Frauds, p. 469, § 346a. The statement contained in the defendant's letter of July, 1899, when taken in connection with the subsequent correspondence, seems to fully comply with the requirement of the statute, and to constitute a valid and enforceable contract, under which the defendant is liable.

There is no force in the point made by the appellant that the acceptance of the offer made by the defendant was too late. The defendant might have withdrawn it, or have refused to be bound by the plaintiff's failure to accept it, within a reasonable time after the making of it; but, instead, he expressly renewed his promise to pay par for the stock, and this constitutes a waiver on his part of any lapse of time between the offer and the plaintiff's acceptance thereof.

Judgment affirmed, with costs. All concur.